**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 21-cr-465-15** |
| | : | |
| **v.** | : | |
| | : | |
| **RICO GRIFFIN,** | : | |
| Defendant. | : | |

### UNITED STATES' MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully files the following Memorandum in Aid of Sentencing.

On January 25, 2023, Defendant Rico Griffin pled guilty, pursuant to a Rule 11(c)(1)(C) plea agreement, to Count One of the Superseding Indictment for his involvement in a conspiracy to distribute and possess with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. Pursuant to the terms of the Plea Agreement, the defendant admitted that he is responsible for more than 22.4 grams, but less than 28 grams of cocaine base.

Both the PSR and the Plea Agreement contain the same criminal history score calculation of 10 points; however, the PSR placed the defendant in Category VI as a career offender pursuant to U.S.S.G. § 4B1.1(b).   Likewise, the PSR and the Plea Agreement contain the same base offense level calculation of 22 (19 with acceptance of responsibility), however, the PSR applied the career offender enhancement pursuant to U.S.S.G. § 4B1.1(b)(3) for an offense level of 32 (29 with acceptance of responsibility).   While the government does not disagree with the defendant's career offender status, it nonetheless believes, for the reasons stated below, that the government's recommended sentence is a fair and justice sentence in this case.   Specifically, based on the Section 3553(a) factors and the terms of the Plea Agreement, the government requests the Court

sentence the defendant to 71 months of imprisonment followed by three years of supervised release.   In support thereof, the government respectfully submits the following:

## FACTUAL AND PROCEDURAL BACKGROUND

The defendant has admitted under oath during the plea hearing, as further acknowledged in the signed Statement of Offense, to the following factual background in support of his plea:

1. Beginning in January of 2021, the MPD Narcotics and Special Investigations Division, along with the FBI, launched a formal investigation into the "MLK Crew," which is a group of individuals who were believed to be operating a drug trafficking conspiracy in and around the 2900 block of Martin Luther King Jr. Avenue, SE, Washington D.C. As part of its investigation, MPD and FBI began conducting surveillance, obtaining search warrants, and making controlled buys of narcotics (including cocaine base) from suspected members of the conspiracy.

2. During the course of its surveillance, MPD and FBI observed the defendant, Rico Griffin, engaging in multiple hand to hand narcotics transactions in and around the drug point and interacting with other members of the conspiracy. Although law enforcement never made any controlled buys from the defendant, a search warrant executed on defendant's residence on July 19, 2021, revealed 13.97 grams of cocaine base. Law enforcement also obtained video of the defendant inside one of the stores at the drug point, in which the defendant appears to be counting baggies or zips of cocaine base for distribution. When the defendant was arrested on January 3, 2023, the defendant admitted that the cocaine base seized from his residence was his and that he sold cocaine base as part of the instant conspiracy.

3.  For purposes of the Plea Agreement, the defendant admits that his role in the conspiracy included the distribution and the possession with the intent to distribute 22.4-28 grams of a mixture and substance containing a detectable amount of cocaine base.

4.  The defendant possessed the cocaine throughout the conspiracy, with the intent to distribute it as part of the conspiracy.

5.  The defendant further agrees that he personally has read, or had read to him, the indictment and superseding indictment in this case, including the allegations and charges against the defendants in those indictments. The defendant admits that all the allegations in those indictments are true, OR that he does not have information to dispute or disprove those allegations set for the indictments in any way.

## SENTENCING RECOMMENDATION

All of the applicable factors set forth in Title 18 United States Code, Section 3553(a), should be considered by this Court. *See United States v. Gall*, 128 S.Ct. 586 (2007). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment; (3) the Sentencing Guidelines and related Sentencing Commission policy statements; and (4) the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

### Nature and Circumstances of the Offense

The defendant was part of a drug trafficking conspiracy that was operating on a daily basis in and around the 2900 block of MLK Avenue. As detailed in its Omnibus Detention memorandum, which the government respectfully incorporates by reference herein, the

investigation began in response to numerous citizen complaints about rampant drug trafficking and accompanying incidents of violence in the area. In addition to numerous citizen complaints, MPD targeted this area as one of the most notorious in the city in terms of recent shootings and shots fired, as well as for the area's high numbers of arrests—particularly offenses involving drugs and firearms.

Despite a police presence, MLK Crew members openly engaged in the sale of various drugs (including PCP, crack, fentanyl, and marijuana) and took over the area and, effectively, the neighborhood's businesses. MLK Crew members would often go into the neighborhood businesses to complete sales and constantly loitered outside of these businesses to engage in sales. Over the course of its investigation, MPD obtained video of defendants openly conducting narcotics transactions in these businesses and even displaying firearms. During the course of its investigation, law enforcement seized at least 10 firearms (many of which were ghost guns) from MLK crew members and/or stash houses and a total of approximately 191 grams of cocaine base (142 grams of which were from controlled buys). As detailed in previous filings, numerous incidences of drug-related violence occurred in and around the 2900 Block of MLK Avenue, including multiple assaults, shootings, robberies, and murders—most notably, the murder of a 6-year-old girl who was the daughter of one of the co-defendants in this case.

The nature and circumstances of the offense could not be more serious. The defendant was a part of a violent drug trafficking crew that inflicted havoc on his community. Although the defendant is not charged with possessing firearms or engaging in violent acts himself,[1] he was a part of the drug trafficking that enabled these activities to occur and destroyed his own community.

---

[1] Although the defendant is not charged with committing violent acts or carrying a firearm in this case, as will be discussed in the next section, he has been arrested for violent acts in the past.

Based on the nature and circumstances of the offense, the government's recommended sentence is warranted.

History and Characteristics of the Defendant

The defendant is 33 years old. While still relatively young, the defendant is already a career offender, having multiple prior convictions.   Most recently, the defendant was incarcerated for nine months for Prisoner Escape in 2019.   Before that, he was sentenced to 24 months (20 months was suspended) for Distribution of Cocaine in 2015, and then another Distribution of Cocaine in 2008, for which he was sentenced to 20 months.   Also in 2008, the defendant was convicted and sentenced to 18 months of suspended time for Attempted Distribution of Cocaine, but his probation was revoked, and he was sentenced to 18 months before his supervised release was also revoked and he was sentenced to an additional 14 months.

Beyond the convictions, the PSR lists numerous arrests.   Most of them are for further drug distribution activity, but there are also arrests for violence.   For example, in 2012 and 2013, the defendant was arrested for Assault and Destruction of Property.   And in 2013, the defendant was charged with Robbery, and at the preliminary hearing a D.C. Superior Court judge found that there was probable cause, but the case was ultimately dismissed by the government.

Together, these prior convictions and arrests paint an unfortunate picture of the defendant unwilling to comply with the law or reform his criminal activities.   Unfortunately, the instant case is no anomaly.   In light of the defendant's consistent prior criminal conduct, the government's recommended sentence is warranted.

Need for the Sentence Imposed

Consideration of the factors set forth in Section 3553(a) leads to the conclusion that a period of incarceration followed by supervision is warranted in this case. The recommended

sentence of 71 months of incarceration reflects the seriousness of the offense and will serve to protect the community. This sentence strikes the proper balance between the serious nature of the defendant's actions and his troublesome criminal history on one hand.   The government's hope is that after several encounters with the law have proved unsuccessful in changing his criminality, a 71-month period of incarceration, followed by three years of supervised release, will finally lead the defendant to change his criminal ways and permanently stay away from the criminal justice system upon his release.

The government has considered what would be an appropriate sentence for the defendant, balancing the seriousness of the offense, the need for just punishment, the threat the defendant poses to the community, and the need for adequate deterrence to criminal conduct.   Based upon a consideration of all the factors set forth in Title 18, United States Code, Section 3553(a), the government respectfully asks the Court to impose a sentence of incarceration of 71 months followed by three years of supervised release.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY


 _/s/  Andy T. Wang_
Andy T. Wang
Assistant United States Attorney
601 D St., N.W.
Washington, D.C. 20530
D.C. Bar No.: 1034325
Andy.wang@usdoj.gov
202-870-4940